■ KENNETH ORTH et al., Respondents, v JOHN P. COFFEY et al., Defendants, and FIREMEN'S INSURANCE COMPANY, Appellant.—In a negligence action to recover damages for personal injuries, etc., the appeal is from an order of the Supreme Court, Queens County, dated February 2, 1978, which (1) granted plaintiff Kenneth Orth's (plaintiff) application to vacate the workers' compensation lien of the Firemen's Insurance Company (Firemen) and (2) denied Firemen's cross motion to dismiss the plaintiff's application. Order reversed, on the law, without costs or disbursements, and plaintiff's motion to vacate Firemen's workers' compensation lien is denied, and Firemen's cross motion to dismiss the plaintiff's application is granted, without prejudice to proceedings by plaintiffs against Allstate Insurance Company in its capacity as the no-fault carrier herein. As to a motor vehicle accident which occurred prior to July 1, 1978, subdivision 1 of section 29 of the Workers' Compensation Law gives to a workers' compensation carrier an absolute lien on the proceeds of any recovery by a compensation claimant in a third-party action, despite the fact that article 18 of the Insurance Law (no-fault) prohibits recovery for basic economic loss in a third-party action brought pursuant to section 673 of the Insurance Law *(Matter of Granger v Urda,* 44 NY2d 91; cf. Workers' Compensation Law, § 29, subd 1, L 1978, ch 572, § 1, eff July 1, 1978). In such case, the compensation carrier's "absolute lien" is not affected by the fact that the no-fault carrier must reimburse the injured party to the extent of the lien recovered by the workers' compensation carrier *(Grello v Daszykowski,* 44 NY2d 894). In this case plaintiff moved, prior to the Court of Appeals determinations in *Granger* and *Grello,* to vacate Firemen's compensation carrier's lien. The motion was addressed solely to Firemen (as stated at the foot of the notice of motion), although the motion papers were also served on the attorneys for

Allstate Insurance Company (Allstate) which was the liability insurance carrier as well as the no-fault carrier (since plaintiff was a pedestrian at the time he was struck [see Insurance Law, § 672, subd 1]). At that time it had not been established that it was the no-fault carrier, rather than the compensation carrier, that must bear the loss as between the carrier's lien and the insurer's offset (Insurance Law, § 671, subd 2, par [b]). Thus, although the attorneys for Allstate were advised of the motion, this was done in their capacity as attorneys for the insured Mustafa. The motion papers did not alert Allstate's attorneys to the fact that it might be Allstate that would be called upon to bear the loss. Therefore, it is not surprising that Allstate submitted no papers in opposition to plaintiff's motion. We note, too, that Allstate has not submitted a brief to this court. The situation here is not analogous to that in *Grello v Daszykowski* (44 NY2d 894, *supra)* where the same insurance company provided both workers' compensation and no-fault coverage. Therefore, it would not be appropriate for this court, in addition to reversing Special Term's order and reinstating the workers' compensation lien, to rule as to the extent of plaintiffs' right to require the no-fault carrier to bear the loss, nor as to the ultimate rights of recoupment among the various carriers or parties themselves. We therefore reinstate the compensation lien, without prejudice to plaintiffs taking such steps as they may be advised for the purpose of requiring the no-fault carrier to bear the loss. Titone, J. P., Suozzi, O'Connor and Shapiro, JJ., concur.